# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICK L. KNIGHT,**

    **Plaintiff,**

v.

**VIPIN K. SHAH, M.D.,
OFFICER WISEMAN, and
OFFICER WIEDAW,**

    **Defendants.**                                       **Case No. 07-cv-127-DRH**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

    Plaintiff filed his Complaint on February 16, 2007 (Doc. 2). The record shows that defendants Wiseman and Wiedaw were both served on March 30, 2007, and that their responsive pleadings were due by April 19, 2007 (Docs. 7 & 9). Because neither Wiseman or Wiedaw had responded to the Complaint, on July 6, 2007, Plaintiff moved for an entry of default, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55(a)** (Docs. 15 & 16). On July 9, 2007, the Clerk made an entry of default against both defendants Wiseman and Wiedaw (Doc. 17). Plaintiff did not, thereafter, move for a default judgment, pursuant to **Rule 55(b)**, against these Defendants. Instead, on September 28, 2007, defendants Wiseman and Wiedaw filed the instant Motion to Set Aside Entry of Default (Doc. 26). to which Plaintiff has not opposed. For the following reasons, the Court grants the Motion, setting aside the Clerk's entry of default against defendants Wiseman and Wiedaw (hereinafter,

"Defendants").

Rule 55(c) provides: "For good cause shown the court may set aside an entry of default. . . ." **Rule 55(c)** "requires 'good cause' for the judicial action, not 'good cause' for the defendant's error . . . . Rule 60(b) allows relief on account of mistake and inadvertence in addition to excusable neglect; the 'good cause' standard in Rule 55(c) must be easier to satisfy." **Sims v. EGA Products, Inc., 475 F.3d 865, 868 (7th Cir. 2007).** "In order to vacate an entry of default, the moving party must show: 1) good cause for default, 2) quick action to correct it, and 3) a meritorious defense to plaintiff's complaint." **Pretzel & Stouffer v. Imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir. 1994)**.

Defendants, who are both Correctional Officers at Vandalia Correctional Center, assert that good cause does exist to allow the entry of default to be set aside. Their reason is that after being served with Plaintiff's suit by the Sheriff's Deputy, Defendants mistakenly believed they would be notified if and when they were required to respond to Plaintiff's Complaint and further, that they were under no obligation to submit a request for representation until further action from Plaintiff's counsel or the court (Doc. 26, p. 2, Ex. A - Wiedaw Affidavit, ¶ 2; Ex. B - Wiseman Affidavit, ¶ 2). However, Illinois law provides that "[i]n the event that any civil proceeding is commenced against any State employee . . . the Attorney General shall, upon timely and appropriate notice to him by such employee, appear on behalf of such employee and defend the action." **5 ILL. COMP. STAT. 350/2(a)**. Therefore, to obtain representation from the Attorney General, Defendants were required to complete a

written request for representation and submit the form to the litigation coordinator at their place of employment, who ultimately forwards the request to the Office of the Attorney General (Doc. 26, p. 2, Ex. C - Pryor Affidavit, ¶ 2). Yet Defendants, who claim they mistakenly thought they were under no obligation to do so, failed to submit a written request for representation to their litigation coordinator, Tracy Pryor.

Defendants also assert that they took quick measures to correct their default. Both Defendants claim that they did not learn of the entry of default against them until September 20, 2007 (*Id.*, Ex A - Wiedaw Aff., ¶ 3; Ex. B - Wiseman Aff., ¶ 3). Upon learning of the default, Defendants each state that the next day, they submitted the proper request for representation forms to their litigation coordinator at Vandalia (*Id.*). On September 26, 2007, after receiving their request for representation forms, an Assistant Attorney General conferred with Defendants, obtaining their affidavits to accompany the instant Motion on September 28, 2007 (Doc. 26, p. 3).

Along with assertions of good cause and quick action to correct the default, Defendants believe that they have a meritorious defense to Plaintiff's suit, in that they both deny the allegations that they ordered "Plaintiff to perform his work assignment and risk further injury to his shoulder" (*Id.*). Further, Defendants claim that their co-defendant, Dr. Shah, allowed Plaintiff to be assigned to the labor-intensive road crew while incarcerated at Vandalia (*Id.*). Defendants assert that they do not have the ability to "overrule the medical decisions of the designated

physicians" in determining whether an inmate is physically capable of performing intense manual labor (*Id*.). Lastly, Defendants suggest that if a default judgment is entered against them, they may be held personally liable, whereas typically, any judgment against State employees arising out of their acts or omissions occurring within the scope of their employment are paid from the State Treasury (*Id*. at 3-4, citing **5 ILL. COMP. STAT. 350/2(e)(ii)**).

Although ignorance of the law is no excuse, as it is within the Court's discretion and because the law favors a resolution of claims upon the merits, the Court finds Defendants have met the **Rule 55(c)** requirements to set aside the entry of default. Therefore, the Motion to Set Aside Entry of Default (Doc. 26) is **GRANTED**. Accordingly, the Clerk's Entry of Default against defendants Wiseman and Wiedaw (Doc. 17) is hereby **SET ASIDE**. Defendants are ordered to file their Answers or other responsive pleadings by **February 25, 2008**.

**IT IS SO ORDERED**.

Signed this 4th day of February, 2008.

/s/     *David R Herndon*
**Chief Judge**
**United States District Court**